STANDARD OIL CO. *v.* UNITED STATES[1]

United States Customs Court, Third Division

 (Decided July 29, 1938)

*Harper & Harper (Abraham Gottfried* of counsel) for the plaintiff.
*Joseph R. Jackson,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., not participating

KEEFE, Judge: The collector here assessed duty at 50 per centum ad valorem under section 466, Tariff Act of 1930, upon the cost of materials and repairs made in a foreign port to the propeller of the S. S. *Joseph Seep.* The plaintiff claims that duty should not have been collected because the repairs were made in order to secure the safety and seaworthiness of the vessel so as to enable her to reach her port of destination, and that the need for the repairs was occasioned because of stress of weather or other casualty.

At the trial counsel for the Government moved to dismiss the protest for two reasons: First, for failure to file the same within the period designated by the statute; and second, that this court has no jurisdiction to direct or compel the Secretary of the Treasury to entertain or reject a claim made by an importer applying for allowance or refund, of duties upon his determination that "good and sufficient" evidence was not furnished.

The record evidence before us discloses that entry was made for repairs on July 3, 1934. Application for the remission of duties was forwarded to the Secretary of the Treasury on December 7, 1934, in accordance with the provisions of section 466. On December 19, 1934, the application for allowance was denied by the Secretary because of insufficient evidence. On January 18, 1935, the collector liquidated the entry, assessing duty thereon. Thereafter additional evidence was furnished on March 27, 1935, and November 20, 1935, in an endeavor to meet the deficiency outlined by the Secretary. In the meantime a protest was lodged with the collector. It was not dated by the plaintiff at the time it was drawn, nor was it stamped with the date of receipt by the collector. Finally, on July 28, 1936,

[1] C. D. 22.

the supplemental applications for refund were denied by the Secretary upon the ground that a timely protest had not been filed before the liquidation of the collector had become final and conclusive upon all parties, and it was directed that the protest be forwarded to this court.

At the hearing before us the plaintiff attempted to prove that the protest was timely. Evidence was produced to show that the only record of receipt appears in a book at the customhouse in which protests were entered; that protests were often held by the collector for as long a period as two months before being entered in said record book; that the protests are entered therein irrespective of their date of receipt and given a collector's number; that the protest was filed by counsel who took the stand and testified that it was his custom to file protests prior to the sixty-day period after liquidation and he presumed that this particular protest was so filed, although he admitted that he had no independent recollection of the date upon which it was forwarded to the collector's office.

We are of the opinion that there is nothing whatever before us to prove that the protest was filed within the prescribed time. Had the protest been dated, we might have inferred therefrom that in the ordinary course of business it would have been forwarded to the collector within a reasonable time thereafter. As the situation now appears, the only evidence of the date of filing is the date appearing upon the entry book. We therefore feel constrained to grant the Government's motion to dismiss the protest for untimeliness.

Judgment will be entered accordingly.